FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA FEB 22  A 10: 37
WAYCROSS DIVISION

CLERK _____
SO. DIST. OF GA.

JOSEPH JEFFREY McDONALD,                    :

            Plaintiff,                    :

      v.                                          :          CIVIL ACTION NO.: CV507-001

Correctional Officer LAWSON;                :
Correctional Officer HART; Deputy           :
Warden BENNETT; Dr. HARDIN;                 :
HP/HEALTH PROFESSIONALS, LTD,               :
D. RAY JAMES PRISON/CORNELL                 :
CORRECTIONS,                                :

            Defendants.                   :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Muscogee State Prison in Columbus, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at D. Ray James Prison in Folkston, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  <u>Mitchell</u>, 112 F.3d at 1490.  The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as a Defendant "HP Health Professionals, LTD", which the undersigned assumes is a company which contracts with D. Ray James Prison to provide medical care to the prison's inmate population.  Plaintiff also names as a Defendant Cornell Corrections, the private corporation which contracts with the State of Georgia to run private prisons.

Private contractors who run prisons or units thereof act under color of state law for purposes of § 1983.  See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).  However, these contractors cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.  Monell v. Dep't of Soc. Servs. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort.  Id. at 691, 98 S. Ct. at 2036.  Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations.  Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).  Plaintiff fails to allege that there was an established policy or custom on the part of HP Health Professionals, LTD, or Cornell Corrections which led to the alleged violations of his constitutional rights.  Therefore, Plaintiff fails to state a claim against HP Health Professionals, LTD, and Cornell Corrections Incorporated.

Plaintiff also names as a Defendant D. Ray James Prison.  According to Plaintiff, D. Ray James Prison violated his Eighth Amendment rights to be free from deliberate indifference to a serious medical need, cruel and unusual punishment, and the unnecessary and wanton infliction of pain.  Plaintiff contends D. Ray James Prison is responsible for these constitutional violations after "they were made aware of my medical needs." (Compl. #6.)  Plaintiff has failed to set forth facts which reveal that D. Ray James Prison had a policy or custom in place which led to any alleged constitutional violations.  See Monell, 436 U.S. at 691, 98 S. Ct. at 2036.  Plaintiff fails to state a cognizable claim against D. Ray James Prison.

Plaintiff's cognizable claims are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants HP Health Professionals, LTD, Cornell Corrections, and D. Ray James Prison be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this 22 day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)